Case: 25CO1:16-cv-03686-LCS   Document #: 1   Filed: 09/14/2016   Page 1 of 11

**FILED**
SEP 14 2016
ZACK WALLACE, CIRCUIT CLERK
_____ D.C.

IN THE COUNTY COURT OF THE
FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

CAROLYN BRATTON                                         PLAINTIFF

V.                                  CIVIL ACTION NO. 16-3686

WAL-MART STORES, INC.                                   DEFENDANT

## COMPLAINT

Plaintiff, Carolyn Bratton, files this her Complaint against the Defendant, Walmart Stores, Inc. D/B/A Walmart, and in support thereof would show unto the Court the following:

## PARTIES

1. Plaintiff, Carolyn Bratton, is an adult resident citizen of Hinds County, Mississippi, whose address is 4116 Palo Alto Street, Jackson, Mississippi 39206.

2. Defendant, Walmart Stores Inc., D/B/A Walmart and further known in this complaint as "Walmart" is a foreign corporation organized and who has registered to do business in the state of Mississippi and may be served with process of this Court by serving its registered agent, CT CORPORATION SYSTEM, 645 LAKELAND EAST DRIVE, Suite 101 FLOWOOD, MS 39232

3. Said corporation has committed a tort in whole or in part within the State of Mississippi, as more fully described hereinafter.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter in that Plaintiff is seeking more than the jurisdictional minimum of this Court and is the proper venue, pursuant to Mississippi Code Annotated § 11-11-3 (as amended), because the facts and circumstances of this cause of action occurred in Hinds County, Mississippi.

## COUNT I


EXHIBIT A

5. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein again.

6. At all relevant times herein the Defendant, Walmart, was engaged in the business of selling groceries and other consumer goods to the general public in the City of Jackson, Mississippi, at its store which, at all relevant times herein, was open to the general public, including the Plaintiff. At all times herein the Plaintiff was lawfully and properly on the premises of the Defendant Walmart and in the answer to the express or implied invitation of the Defendant, Walmart for the purposes of shopping in the store, and as such, the Plaintiff was a business invitee of the Defendant, Walmart.

7. On or about, May 12, 2015, Plaintiff, an invitee of the Defendant, Walmart, was carefully making her way through the store through the bakery aisle, when suddenly and without warning Plaintiff slipped on a slippery substance which two employees described as "pudding like," and this caused the Plaintiff to awkwardly slip and fall downward onto the floor. This slip and fall caused Plaintiff, Carolyn Bratton, physical injuries and damages., including a broken leg.

8. One or more employees of Walmart, while acting in the course and scope of their employment, carelessly and negligently allowed the floor to be unsafe. The Plaintiff, Carolyn Bratton, slipped and fell due to a dangerous condition posed by the slippery substance on the floor of which the Defendant had previous knowledge, actual or constructive, but had not been remedied in a manner reasonably anticipated to prevent injury to business invitees. Plaintiff avers that at said time and place she was a business invitee of the Defendant and said Defendant then and there owed to Plaintiff and other persons similarly situated a duty to keep said area of the store free and clear of any and all dangers, such as the said wet and slippery floor.

9. Defendant was in the best position to eliminate the aforesaid dangerous and hazardous condition and failed to do so.

10. On said occasion, the Plaintiff slipped on the slippery substance on the floor and fell, suffering serious and painful bodily injuries that are permanent in nature.

## COUNT I

11. Plaintiff adopts by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

12. Defendant, Walmart, was organized for the purpose of owning and operating a grocery store in Hinds County, Mississippi. The Defendant expressly or impliedly invited members of the public, including Plaintiff, to visit the grocery store for shopping purposes.

13. Defendant had a duty to use ordinary and reasonable care and diligence to protect their business invitees, including the Plaintiff, from dangerous conditions which may potentially cause injury to a business invitee while on the premises of Defendant's business for the purposes intended and anticipated by the Defendant. The Defendant is responsible for the operation and maintenance of the premises and in particular is responsible to use ordinary and reasonable care and diligence in the maintenance/monitoring of the walkways in the grocery store, including that location where Ms. Bratton was severely injured, which location the Defendant knew or by the exercise of reasonable care should have known, its patrons constantly walk during the course of the Defendant's hours of operation. Defendant further has a duty to maintain their premises in such a manner as to be free from all defects and conditions which would render Defendant's business dangerous and unsafe for its business invitees, including Plaintiff, and/or which would present an unreasonable risk of harm to its business invitees, including Plaintiff, in her lawful and expected use of the premises.

14. Defendant further had a duty to maintain their premises in such a manner as to be free from all defects and conditions which would render Defendant's business dangerous and unsafe

for its business invitees, including Plaintiff, and/or which would present an unreasonable risk of harm to its business invitees, including Plaintiff, in her lawful and expected use of the premises.

15. It was the duty of the Defendant, and each of them, by inspection or other affirmative act, to exercise reasonable care to protect the Plaintiff from the dangers of reasonably foreseeable occurrences and injuries, such as Plaintiff's fall and resulting injuries, occurring as a result of dangerous conditions existing on the premises. Plaintiff further alleges the Defendant, and each of them, had a duty either by inspection or other affirmative acts, to exercise reasonable care to protect their business invitees, including the Plaintiff, from reasonable foreseeable harm; to ensure that safety is maintained for the walkways in the store; to maintain its premises in a safe condition, free from conditions which would foreseeably cause harm and injury to its business invitees, such as the Plaintiff; to exercise reasonable care to protect the Plaintiff from injuries resulting from unsafe conditions in the checkout counter walkway and/or negligence of the Defendant, such as the water on the floor that caused Plaintiff to fall; and to warn its invitees, including the Plaintiff, of the existence of known dangerous conditions and/or dangerous conditions which the Defendant should have known about upon the exercise of reasonable care, such as the condition which caused Plaintiff's fall, the existence of which could reasonably be anticipated to cause harm, including the harm suffered by the Plaintiff.

16. It was the duty of the Defendant to provide sufficient personnel and equipment to properly inspect and maintain the premises in a manner and condition reasonably calculated to keep the premises safe, and free of unreasonably dangerous conditions for the store's business invitees, including the Plaintiff. Plaintiff would also show that it was the duty of the Defendant to warn the Plaintiff of the dangerous conditions posed by the substance on the floor which caused Plaintiff's fall, and to warn Plaintiff about the existence of such a condition. The Defendant had actual

4

knowledge of the dangerous condition that caused the Plaintiff's injury, but failed to warn the Plaintiff of its existence or take responsible steps to repair and remedy the dangerous condition.

17. The Defendant is liable to the Plaintiff, for the aforementioned acts of negligence, failure to adhere to the duties mentioned, recklessness, carelessness and/or gross negligence, which conduct causes or contributed to the injuries and damages suffered by the Plaintiff:

A. Negligently, Recklessly, Carelessly, and/or Gross Negligently failed to use ordinary care to maintain the premises on which the Defendant operates their business in a reasonably safe condition for use in a manner consistent with the purpose of the Defendant's invitation to Plaintiff as business invitees;

B. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to make reasonable efforts to maintain their premises in a reasonably safe condition for their business invitees, including the Plaintiff;

C. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to make reasonable repairs to dangerous conditions the Defendant knew or in the exercise of reasonable care should have known, existed on their premises, which conditions the Defendant knew or in the exercise of reasonable care should have known posed unreasonable risks of injury, danger and hazards to its business invitees, including the Plaintiff;

D. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to provide sufficient personnel and/or equipment to properly inspect and maintain the premises in a manner and condition reasonably calculated to keep the premises safe, and free of unreasonably dangerous conditions, for the store invitees, including the Plaintiff;

E. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to exercise reasonable and/or ordinary care and diligence to protect their business invitees, including the

Plaintiff, from conditions which are dangerous and which may potentially cause injury on the premises of Defendant's business;

F. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to exercise reasonable and/or ordinary care and diligence in the maintenance of the walkways of the store, including the area where Plaintiff was severely injured;

G. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to maintain their premises in such a manner as to be free from all defects and conditions which would render Defendant's business dangerous and unsafe for their business invitees, including Plaintiff;

H. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to maintain their premises in such a manner as to be free from all defects and conditions which would present an unreasonable risk of harm to its business invitees, including the Plaintiff, in her lawful use of the premises;

I. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to exercise reasonable care to protect the Plaintiff from dangers of reasonably foreseeable injuries occurring as a result of dangerous conditions in the walkway within the premises which were known, or by the exercise of reasonable care should have been known to the Defendant;

J. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to exercise reasonable care to protect their business invitees, including the Plaintiff, from reasonably foreseeable harm;

K. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to ensure that reasonably safe conditions were maintained on the premises;

L. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to exercise reasonable care to protect the Plaintiff from injuries resulting from unsafe conditions in the walkway

which the Defendant knew or through the exercise of reasonable care should have known were in existence that caused Plaintiff to fall;

M. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to exercise reasonable care to protect the Plaintiff from the negligence, carelessness, recklessness, and/or gross negligence of the Defendant such as the Defendant's negligent, careless, reckless and/or grossly negligent failure to repair and/or warn the Plaintiff about the existence of the slippery substance on the floor of the walkway that caused Plaintiff to fall;

N. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to maintain the walkway area of the store in a reasonably safe condition, free from conditions which would foreseeably cause harm and injury to its business invitees, such as the Plaintiff;

O. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to warn its business invitees, including the Plaintiff, the existence of which could reasonably be anticipated to cause injury and harm such as the injuries and harm suffered by the Plaintiff;

P. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to warn the Plaintiff of the existence of the particular dangerous conditions posed by the substance on the floor that caused the Plaintiff to fall;

Q. Negligently, Recklessly, Carelessly and/or Grossly Negligently failed to repair the particular dangerous conditions posed by the substance on the floor that caused the Plaintiff to fall; and/or

R. Other acts of negligence, carelessness, recklessness and/or gross negligence causing or contributing to the injuries and damages of the Plaintiff and the Defendant as will be shown at the trial of this matter.

7

18. Upon information and belief, the specific condition of the floor that actually caused the Plaintiff's injuries and damages was known by the Defendant, and the Defendant new the existence of said condition posed an unreasonable risk of injury and harm to its business invitees, including the Plaintiff. Additionally, upon information and belief, the Defendant knew the Plaintiff was in the store and would walk through the area that would foreseeably cause the Plaintiff to encounter said known dangerous condition. Notwithstanding direct and specific knowledge of this dangerous condition, and the Plaintiff's proximity thereto, the Defendants failed to take reasonable actions to repair the condition, and make it safe, and/or warn its business invitees, including the Plaintiff, about its existence.

19. Alternatively, the specific condition of the walkway that actually caused the Plaintiff's injuries and damages should, through the exercise of reasonable care, have been known to the Defendant and the Defendant through the exercise of reasonable care, should have known the existence of said condition posed an unreasonable risk of injury and harm to its business invitees, including the Plaintiff.

20. Plaintiff adopts by reference and realleges each and every allegation of this Complaint the same as through specifically set out herein again.

21. But for the Defendant's acts of negligence, carelessness recklessness and/or gross negligence, described in each of the proceeding paragraphs, the Plaintiff would not have suffered the injuries and damages complained of herein. The negligent, carless, reckless and/or grossly negligent conduct of the Defendants, discussed herein above, were the proximate and/or contributing cause of the injuries and damages suffered by the Plaintiff.

22. As a direct and proximate result of the negligence, carelessness, recklessness and/or gross negligence of the Defendant, Walmart as set forth above, the Plaintiff, Carolyn Bratton, sustained and suffered numerous injuries and damages, including but not limited to:

    A.    Severe physical injuries to her body, including but not limited to a broken leg and other physical injuries;

    B.    Damages for past, present and future medical expenses;

    D.    Chronic, excruciating pain in her leg and other parts of her body;

    E.    Physical pain, emotional distress and mental anguish arising from the severity of the subject fall; her mistreatment by agents, employees and/or representatives of the Defendant following her fall; her injuries and resulting inability to engage in activities of daily life; and anticipated discomfort, pain and disability in the future;

    F.    As a result of her physical injuries, which have been generally described in the preceding paragraphs, it was necessary for Plaintiff to make and incur, and she did make and incur, certain expenditures and obligations for medical, rehabilitative and hospital care and attention. Plaintiff is still experiencing pain and discomfort which, upon information and belief were caused or contributed to by the subject fall.

    G.    Loss of enjoyment of life;

    H.    Medical expenses, past and future, including but not limited to expenses for hospital bills, doctor's care, therapy and treatment, and medication;

    I.    Plaintiff's injuries caused in the past and will cause in the future the Plaintiff to suffer physical pain and mental anguish; and

    J.    All other damages permitted pursuant to the laws of the State of Mississippi.

23. Plaintiff contends that the above injuries and damages were directly and proximately caused and/or contributed to the negligence, carelessness, recklessness, and/or gross negligence of the Defendant Walmart and that, but for the acts and/or omissions of said Defendant, Plaintiff's injuries and damages would not have occurred.

24. As a direct and proximate result of said Defendant's negligence, carelessness, recklessness and/or gross negligence as set forth in each of the preceding paragraph, Plaintiff is entitled to and demand and do demand from the Defendant, the following damages:

A. Any and all damages set forth in the preceding paragraphs;

B. Compensatory Damages;

C. Actual Damages;

D. Exemplary Damages;

E. Pre-judgment interest in an amount by law, but not less than 8%;

F. Post-judgment interest in an amount by law, but not less than 8%; and

G. Any and all additional damages deemed allowable by the laws of the State of Mississippi.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendant in the amount of $200,000.00 for actual and punitive damages, together with all costs of court herein, and Plaintiff sues for pre-judgment interest.

Respectfully submitted, this the 14th day of September 2016.

PLAINTIFF CAROLYN BRATTON
*Wm. Scott Mullennix*

Wm. Scott Mullennix; MSB #104859
Attorney for Carolyn Bratton

Of Counsel:

Bradley S. Clanton (MSB # 10505)
CLANTON LEGAL GROUP, PLLC
P.O. Box 4781
Jackson, Mississippi 39296
Direct (601) 869-0869
Toll Free: (844) 425-2686
Facsimile: (866) 421-9918
brad@clantonlegalgroup.com

Cody W. Gibson, (MSB#103967
Wm Scott Mullennix, (MSB#104859)
GIBSON & MULLENNIX, PLLC
405 Tombigbee Street
Jackson, Mississippi, 39201
Tele: 601-948-9840
Email: cwgibsonlaw@gmail.com

## IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

**CAROLYN BRATTON**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

VS.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.: 16-3686

**WAL-MART STORES, INC.**　　　　　　　　　　　　　　　　　　**DEFENDANT**

### SUMMONS

THE STATE OF MISSISSPPI
TO ANY PROCESS SERVER:

TO:　Wal-Mart Stores, Inc.
　　　c/o C T Corporation System
　　　645 Lakeland East Drive, Suite 101
　　　Flowood, Mississippi 39232

THE **COMPLAINT** WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUESTED TO MAIL OR HAND-DELIVER A COPY OF WRITTEN RESPONSE EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO: **Cody W. Gibson or Wm. Scott Mullennix, 405 Tombigbee Street, Jackson, MS 39201.**

THIS RESPONSE MUST BE MAILED OR DELIVERED WITHIN **THIRTY (30)** DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THIS COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT AS PROVIDED BY LAW.

WITNESS MY SIGNATURE AND OFFICIAL SEAL, this the 14th day of September 2016.

　　　　　　　　　　　　　　　　　　　　　　　　Zack Wallace
　　　　　　　　　　　　　　　　　　　　　　Hinds County Circuit Clerk

　　　　　　　　　　　　　　　　　　　　　　　　　D.C.

PREPARED BY
CODY W. GIBSON, MSB# 103967　　　　　ZACK WALLACE, CIRCUIT CLERK
Wm. SCOTT MULLENNIX, MSB# 104859　HINDS COUNTY, FIRST DISTRICT
405 Tombigbee St.　　　　　　　　　　　　　P. O. Box 327
Jackson, MS 39201　　　　　　　　　　　　JACKSON, MS 39205
601-948-9840