IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CAROLYN BRATTON                                                                PLAINTIFF

V.                                                       CAUSE NO. 3:16-CV-784-CWR-FKB

WALMART STORES EAST, LP                                                        DEFENDANT

## ORDER

Before the Court is the defendant's motion for summary judgment. The matter is fully briefed and ready for adjudication.

### I. Factual and Procedural History

On May 12, 2015, Carolyn Bratton was shopping for cake mix at the Walmart in Jackson, Mississippi. As she walked the aisle, she slipped on a clear substance and fell. This suit followed.

The parties agree that a substance on the floor caused Bratton's fall. They also agree that there is no evidence Walmart put the substance on the floor. The dispute is whether Walmart is liable for Bratton's fall because it knew or should of known about the substance and failed to clean it up in time.

### II. Legal Standard[1]

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated

---

[1] Walmart errs when it relies upon Mississippi authorities for the summary judgment standard. Federal courts sitting in diversity apply federal procedure, not state procedure. *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995).

assertions' will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

**III. Discussion**

    **A. Substantive Law**

Mississippi premises liability law applies to this case. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). Mississippi law is determined by looking to the decisions of the Mississippi Supreme Court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

Premises owners in Mississippi owe business invitees "a duty of reasonable care in keeping their premises in a reasonably safe condition." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008) (citations omitted). At the same time, "a premises owner is not an insurer of the safety of invitees." *Id.*

While the framework for slip and fall cases has been articulated in different ways,[2] today's parties acknowledge the following standard:

> [F]or a plaintiff to recover in a slip-and-fall case, he must (1) show that some negligent act of the defendant caused his injury;[3] or, (2) show that the defendant had actual

---

[2] *See Miller v. R.B. Wall Oil Co.*, 970 So. 2d 127, 132 (Miss. 2007); *Fulton v. Robinson Indus., Inc.* 664 So. 2d 170, 175 (Miss. 1995). Federal courts interpreting Mississippi law are left to sift through these various articulations. As the Fifth Circuit explained, "[t]he failure of many pre-*Tharp [v. Bunge Corp.*, 641 So. 2d 20 (Miss. 1994)] precedents to be overruled formally [by the Mississippi Supreme Court] makes research by courts and litigants somewhat hazardous." *Wood. v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 281 n.9 (5th Cir. 2009).

[3] Bratton does not argue nor is there proof that Walmart caused or created the spill. Under this theory of recovery, she would have to show that the "defendant, or his agent, directly and proximately caused the dangerous condition to come

2

knowledge of a dangerous condition and failed to warn the plaintiff; or, (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995) (citations omitted and footnote added).

### B.     Analysis

Again, the question today is whether Bratton has evidence that Walmart had actual or constructive knowledge of the substance on the floor.

Bratton presses her case through surveillance video evidence. According to her brief, the video shows that "15 minutes before the accident, a Walmart employee with a large push broom partially swept the very aisle on which the accident occurred. However, the video plainly shows that the employee walked directly past and AROUND the hazard on which Ms. Bratton slipped and fell, and never returned to clean it up."

One interpretation of Bratton's argument is that Walmart is liable because its employee saw a substance on the floor and intentionally avoided cleaning it up. Unfortunately, the video does not support this theory. The employee swept the left side of the aisle from the end cap until he was *past* the spill. Nothing suggests that the employee saw the substance and deviated from his path. In other words, the video does not show that Walmart had actual knowledge of the hazardous substance.

Another interpretation of Bratton's argument is that Walmart is liable for inadequate sweeping. It is true that the employee swept the left side of the aisle but did not return to sweep the right side of the aisle—where Bratton fell a few minutes later. But that theory also is unavailing. When a third-party (like a customer) creates a hazard, a store owner is liable for negligent cleanup only if it had knowledge of the hazard. *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992). And (so far) there is no such evidence.

---

into existence." *Castilla v. Marriott Int'l, Inc.*, No. 3:10-CV-476-CWR-LRA, 2011 WL 4832930, at *2 (S.D. Miss. Oct. 12, 2011).

That brings us to the final possibility: whether Walmart had constructive knowledge of the substance. "Constructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of it." *Id.* (brackets omitted).

Bratton has approximately one hour's worth of video evidence. She argues that Walmart had constructive knowledge of the substance because an employee swept the aisle only once during that hour. In Mississippi, though, an hour is typically not enough time to conclude that a proprietor should have known about a hazardous substance:

> In *Thompson,* 528 So. 2d at 294, we found the evidence insufficient to show constructive knowledge when a plaintiff slipped in a puddle of pine scented cleaner, which witnesses described as being dirty and having shopping cart tracks running through it. In *Waller,* 492 So. 2d at 286, we found the evidence insufficient to prove constructive notice where a store employee had checked an aisle at 10:00 a.m. and an accident occurred at 12:30 p.m., because we reasoned it was "just as logical to presume the liquid was spilled at 12:29 p.m. as it [was] to presume the liquid was spilled at 10:01." Similarly, in *Douglas,* 405 So. 2d at 110, we also found the evidence was insufficient to show constructive knowledge when a store employee walked an aisle at 11:30 a.m. and an hour and a half later a customer slipped and fell in a pool of water near a frozen food case.

*Id.* at 1285. Although the Mississippi Supreme Court has occasionally found other, non-temporal evidence sufficient to establish constructive knowledge—like evidence of "heavy rains coupled with the stains on the ceiling directly above the site of the accident"—Bratton has no such evidence in her case. *Drennan v. Kroger Co.*, 672 So. 2d 1168, 1171 (Miss. 1996).

## IV. Conclusion

The motion is granted. A separate final judgment shall issue.

**SO ORDERED**, this the 11th day of January, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
